IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JIMMY D. CHISUM                                                                                    PLAINTIFF

V.                                              4:04CV01526 JTR

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                                       DEFENDANT

## MEMORANDUM ORDER

### I. Introduction

Pending before the Court is Plaintiff's Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Docket entry #18.)  Before addressing the Motion, the Court will review the relevant procedural history of this case.

On January 6, 2004, an Administrative Law Judge ("ALJ") decided that Plaintiff was not entitled to receive social security benefits. On November 30, 2004, Plaintiff filed a Complaint appealing the ALJ's decision.  (Docket entry #2.)  On February 15, 2006, the Court entered a Memorandum Opinion and Judgment, reversing the Commissioner's decision, and remanding the case for further proceedings.  (Docket entries #12-13.)

On May 16, 2006, Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docket entry #14.)  On September 15, 2006, the ALJ issued a fully favorable decision to Plaintiff without an administrative hearing.  (Docket entry #18, Ex. A.)  On November 28, 2006, the Court entered an Order granting Plaintiff's counsel, Ms. Iva

Nell Gibbons, $4,372.13 in attorney's fees pursuant to the EAJA.[1]  (Docket entry #17.)

On February 14, 2008, Plaintiff filed her Motion for Attorney's Fees pursuant to § 406(b). (Docket entry #18.)   According to a December 4, 2006, Notice of Award, Plaintiff was awarded $47,544.00 in past-due benefits, while the Commissioner withheld 25% of that award, $11,886.00, for the payment of attorney's fees. (Docket entry #18, Ex. B at 4.)  Plaintiff's counsel also states that she was later awarded $5,300.00 in attorney's fees for work performed at the administrative level pursuant to 42 U.S.C. § 406(a).  Thus, $6,586.00 remains held by the Commissioner for the payment of attorney's fees for work performed at the judicial review level.

In her pending Motion, Plaintiff's counsel requests $6,586.00 in attorney's fees for work performed at the judicial review level pursuant to 42 U.S.C. § 406(b).  If granted, this amount, when combined with the $5,300.00 already awarded to Plaintiff's counsel at the administrative level, would total $11,886.00, or 25% of the past-due benefits awarded to Plaintiff.  Plaintiff's counsel concedes that if her requested fee award is granted, she would be obligated to refund to Plaintiff the $4,372.13 previously awarded to her for fees under the EAJA.[2]  The Commissioner has filed a Response in which it "declines to assert a position in the reasonableness" of the requested award. (Docket entry #20 at 1.)

For the reasons discussed below, the Court will grant Plaintiff's Motion.

---

[1]The Court also awarded Plaintiff's counsel $45.54 in expenses pursuant to the EAJA. (Docket entry #17.)

[2]In order to prevent a double recovery where a lawyer obtains fees from the government under the EAJA, *and* from the claimant's award under § 406(b), she is obligated to refund to the claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 797 (2002)

## II. Discussion

### A.     The Timeliness of the § 406(b) Motion

The Court first considers the timeliness of the § 406(b) Motion. In a rather cryptic Response, the Commissioner "declines to assert a position" as to the requested award, but points out that the Motion was filed more than 14 months after the December 4, 2006 Notice of Award concerning past-due benefits. While the Commissioner acknowledges that § 406(b) contains no express time limit for a fee request, he contends that a claimant's attorney should file a § 406(b) request within a reasonable time following a Notice of Award. The Court is left to infer that the Commissioner believes that the Motion might not have been filed within a "reasonable time."

In her Reply, Plaintiff's counsel contends that the Commissioner did not provide her a copy of the Notice of Award despite "repeated phone requests for this document for several months."[3] (Docket entry #21 at 1.) Plaintiff's counsel has also submitted a copy of a United States Treasury check payable to her, dated February 5, 2008, representing her § 406(a) fee award for work performed at the administrative level. According to Plaintiff's counsel, she could not calculate the amount of her § 406(b) fee until the Commissioner released her § 406(a) fee.

In analyzing the timeliness of the Motion, the most important consideration to the Court is

---

[3]On September 15, 2006, the Commissioner issued a Notice of Decision, including the ALJ's fully favorable decision on remand. (Docket entry #18, Ex. A.) The Notice of Decision is addressed to Plaintiff individually, although it also reflects that a copy was mailed to Plaintiff's counsel. (Docket entry #18, Ex. A at 3.) On December 4, 2006, the Commissioner issued a Notice of Award describing the benefits that were owed to Plaintiff. (Docket entry #18, Ex. B.) The Notice of Award is addressed to Plaintiff individually, but does not reflect a copy to Plaintiff's counsel. However, on December 22, 2006, Plaintiff's counsel wrote the Commissioner advising that she intended to charge a fee for work performed at the administrative and District Court levels, requesting that "25% of the total backpay not be released pending court approval of my fee." (Docket entry #18, Ex. C.)

that, unlike an EAJA award, an award of fees under § 406(b) is deducted from the claimant's disability benefits. *See Thomas v. Astrue*, 2007 WL 1112667 (W.D. Vir. April 13, 2007) (denying § 406(b) fee petition without prejudice given a two-year delay between administrative award and fee petition where Plaintiff's counsel made no representation as to whether any portion of the past-due benefits award were still being withheld for fees).

In this case, the Commissioner does not contend that the funds it previously set aside for a fee award are no longer available. Moreover, given that the Commissioner only recently paid the § 406(a) fee award in February of 2008, it seems logical that the § 406(b) funds remain available. Thus, the Court will proceed to the merits of the Motion.

### B.     The Merits of the § 406(b) Motion

Congress, in an attempt to protect Social Security claimants from inordinately large fees, and in a desire to ensure that attorneys representing successful claimants would not risk nonpayment of attorney fees, designed 42 U.S.C. § 406(b) to control, not displace, fee agreements between claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The statute imposes a limit of twenty-five percent of past-due benefits on attorney's fees, in addition to requiring that federal courts assure that the amount of fees to be paid within that limitation remains "reasonable."

In *Gisbrecht,* the Supreme Court found that Congress, in formulating § 406(b), provided for "a reasonable fee, not in excess of 25 percent of accrued benefits," further stating that "[i]t is also unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Gisbrecht*, 535 U.S. at 791.  Thus, § 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security

claimants in court. Rather, § 406(b) requires court review of such arrangements as an "independent check," to assure that they yield reasonable results in particular cases. *Gisbrecht*, 535 U.S. at 807.

In reviewing a Petition for fees under § 406(b), the Court must first look to the contingency-fee agreement to determine whether it is within the twenty-five percent boundary. *Id.* at 808. After the Court has reviewed the agreement, it must then consider whether the amount of attorney's fees to be paid is reasonable.[4] *Id.* at 809.

### 1. The § 406(b) Requirements for Contingency-Fee Agreements

First, the Court must determine if the fee agreement meets the guidelines of § 406(b)(1). Here, the Plaintiff entered into a contingency-fee agreement dated July 1, 2004. (Docket entry #18, Ex. E.) Plaintiff agreed that, for counsel's representation "in federal court, I agree to pay 25% of all back pay from the onset of my disability until my claim is ultimately approved." The Court concludes that the fee agreement in this case falls within the § 406(b)(1) guideline - it does not exceed twenty-five percent of the past-due benefits.

### 2. The Reasonableness of the Requested Attorney's Fee Under § 406(b)

Second, Plaintiff's counsel must establish that her requested fee is reasonable under the circumstances. *See Gisbrecht*, 535 U.S. at 808. When considering a fee award, the Court must

---

[4]Prior to *Gisbrecht*, courts considered the following factors in awarding attorney fees in a Social Security case: the amount of attorney time spent on plaintiff's case, the complexity of the issues involved, the manner in which plaintiff's attorney analyzed and dealt with the issues, the diligence with which plaintiff's attorney undertook claimant's case, and in general the overall contribution of plaintiff's attorney to the decision reached by the court. *See, e.g. Cotter v. Bowen*, 879 F.2d 359, 363 n.5 (8th Cir. 1989) (listing relevant factors), *abrogated by Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). However, these factors were applied by courts utilizing the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of a case. The "lodestar" method is no longer used in reviewing § 406(b) attorney fees applications. *Gisbrecht*, 535 U.S. at 805-06.

balance two important policy concerns. On the one hand, fee awards should be substantial enough to encourage attorneys to accept the risk of pursuing a Social Security case which could result in the claimant being awarded no benefits and the attorney being awarded no fees. *See McDonald v. Apfel*, 2000 WL 744115 *1 (W.D. Mo. 2000) (unpublished opinion) ("If remuneration is insufficient, then deserving claimants will be unable to find counsel"). On the other hand, attorney's fees under § 406(b) are deducted from the claimant's disability award.

By way of further guidance, the Supreme Court has provided some examples of factors to consider in determining if attorney's fees are reasonable. In cases involving contingency-fee agreements, appropriate reductions of attorney's fees have been based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. If the attorney is responsible for delaying the progress of the case, a reduction is appropriate so the attorney does not profit from the accumulation of benefits during the delay. *Id.* Another acceptable basis for a reduction is if a windfall to the attorney would occur because the benefits are large in comparison to the amount of time plaintiff's attorney spent on the case. *Id.* Further, "a court may require the plaintiff's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hours billing charge for noncontingent-fee cases." *Id.*

Plaintiff's counsel has submitted an itemized statement reflecting 27.50 hours of work performed at the judicial review level. In assessing the value of this work to the client, the Court makes the following observations. Because the Commissioner initially denied Plaintiff's claim, he would have been unsuccessful without judicial review. While Plaintiff's counsel ultimately achieved

success for him, she bore the risk that she would not win an award for her client and thus would not be paid. Following the remand in this case, an award of benefits was not certain. It appears that no delay resulted from the representation. The Court also acknowledges Plaintiff's counsel's experience and history of representing Social Security claimants.

The Court has reviewed the record and has also considered that there is a contingency-fee agreement involved. Balancing the Court's duty to protect the Plaintiff's disability award against awarding a fee that is substantial enough to encourage attorneys to accept Social Security cases, the Court concludes that a fee of $6,586.00 is a reasonable fee award for Plaintiff's counsel's representation at the judicial review stage. Accordingly, the Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) will be granted, and Plaintiff's counsel will be ordered to immediately refund to her client, Jimmy D. Chisum, the lesser amount of $4,372.13, awarded under the EAJA.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (docket entry # 18) is GRANTED.

2.  The Commissioner shall certify and pay to Ms. Iva Nell Gibbons, attorney for Plaintiff, $6,586.00, as attorney's fees under 42 U.S.C. § 406(b).

3.  Plaintiff's counsel, Ms. Iva Nell Gibbons, shall immediately refund the $4,372.13

awarded to her under the EAJA, to Plaintiff, Mr. Jimmy D. Chisum.

DATED this 28th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE